APPEAL NUMBER 16-4238

IN THE UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

UNITED STATES OF AMERICA,

V.

WILLIAM S. DAHL,
Appellant

BRIEF FOR APPELLANT

Appeal from Amended Judgment in a Criminal Case Entered on December 1, 2016,
in the United States District Court for the Eastern District of Pennsylvania,
at Criminal Number14-cr-00382-1 by the Honorable Harvey Bartle, III

BRETT G. SWEITZER
Assistant Federal Defender
Chief of Appeals

LEIGH M. SKIPPER
Chief Federal Defender

Federal Community Defender Office
For the Eastern District of Pennsylvania
Suite 540 West - Curtis Center
601 Walnut Street
Philadelphia, Pa   19106
(215) 928-1100

i

# TABLE OF CONTENTS

**PAGE**

Table of Authorities ...................................................................iv

Statement of Subject Matter and Appellate Jurisdiction ..........................................1

Statement of Related Cases and Proceedings ...........................................2

Statement of the Issues .......................................................3

    Preservation of Issue ......................................................3

Statement of the Case ........................................................5

    A.    The attempted enticement and resulting convictions...........................5

    B.    Mr. Dahl's relevant criminal history...................................6

    C.    The original Guidelines range and sentence imposed..........................7

    D.    The first appeal....................................................8

    E.    The resentencing...................................................10

Summary of Argument .......................................................13

Argument .....................................................................15

I.

    The imposition of an identical sentence on remand
    violated due process by denying Mr. Dahl the benefit of
    this Court's mandate and perpetuating the error
    ostensibly corrected in the first appeal...........................................15

    Standard of Review .....................................................15

    Discussion ...........................................................15

i

# **TABLE OF CONTENTS CONTINUED**

**PAGE**

II.

The district court procedurally erred by failing to meaningfully consider the 121-151 month Guidelines range. ...........................................................................................20

Standard of Review .......................................................................20

Discussion ....................................................................................20

A.   At step three of the sentencing process, district courts must meaningfully consider the Guidelines range ...........................21

B.   The 121-151 month Guidelines range was not meaningfully considered .................................................................................23

III.

The district court procedurally erred in imposing a 293-month sentence without justifying the large variance from the 121-151 month Guidelines range and without responding to numerous defense arguments in mitigation.... .................................................................................26

Standard of Review .......................................................................26

Discussion ....................................................................................26

A.   At step three of the sentencing process, district courts must thoroughly explain large variances and must respond to non-frivolous sentencing arguments .........................................26

B.   The district court failed to justify the large variance and failed to respond to several non-frivolous mitigation arguments ...................................................................................29

C.   The error is plain and warrants correction.................................32

Conclusion ...........................................................................................................35

Joint Appendix – Volume I (App. 1 – 8)

Certificate of Bar Membership

Certification

Certificate of Compliance

Certificate of Service

# TABLE OF AUTHORITIES

**Federal Cases**                                                                                    **Page(s)**

*Gall v. United States*,
    552 U.S. 38 (2007) ................................................................... *passim*

*Molina-Martinez v. United States*,
    136 S. Ct. 1338 (2016) ................................................................ 16, 22

*Peugh v. United States*,
    133 S. Ct. 2072 (2013) ................................................................ 22, 23

*Rita v. United States*,
    551 U.S. 338 (2007) ....................................................................... 32

*United States v. Ali*,
    508 F.3d 136 (3d Cir. 2007) ............................................................ 21

*United States v. Ausburn*,
    502 F.3d 313 (3d Cir. 2007) ...................................................... *passim*

*United States v. Begin*,
    696 F.3d 405 (3d Cir. 2012) ...................................................... *passim*

*United States v. Booker*,
    543 U.S. 220 (2005) ............................................................ 20,21, 33

*United States v. Brown*,
    808 F.3d 865 (D.C. Cir. 2015) ......................................................... 34

*United States v. Cooper*,
    437 F.3d 324 (3d Cir. 2006) ............................................................ 22

*United States v. Dahl*,
    833 F.3d 345 (3d Cir. 2016) ...................................................... *passim*

*United States v. Flores-Mejia*,
    759 F.3d 253 (3d Cir. 2014) (en banc) ...................................... *passim*

*United States v. Goff*,
    501 F.3d 250 (3d Cir. 2007) ............................................................ 28

*United States v. Grier*,
    475 F.3d 556, 572 (3d Cir. 2007) (en banc) ...................................... 34

iv

*United States v. Gunter*,
    462 F.3d 237 (3d Cir. 2006) ........................................................ 20, 22

*United States v. Jackson*,
    467 F.3d 834 (3d Cir. 2006) .............................................................. 28

*United States v. Kennedy*,
    682 F.3d 244 (3d Cir. 2012) .............................................................. 16

*United States v. Kononchuk*,
    485 F.3d 199 (3d Cir. 2007) .................................................... *passim*

*United States v. Lychock*,
    578 F.3d 214 (3d Cir. 2009) .............................................................. 28

*United States v. Mannino*,
    212 F.3d 835 (3d Cir. 2000) .............................................................. 17

*United States v. Merced*,
    603 F.3d 203 (3d Cir. 2010) .................................................. 28, 32, 34

*United States v. Negroni*,
    638 F.3d 434 (3d Cir. 2011) .................................................... *passim*

*United States v. Nerius*,
    824 F.3d 29 (3d Cir. 2016) ................................................................ 19

*United States v. Olano*,
    507 U.S. 725 (1993) .................................................................... 32, 33

*United States v. Rosales-Bruno*,
    789 F.3d 1249 (11th Cir. 2015) .................................................. 23, 24

*United States v. Rundle*,
    585 F. App'x 813 (3d Cir. 2014) ................................................ 33, 34

*United States v. Sabillon-Umana*,
    772 F.3d 1328 (10th Cir. 2014) .......................................................... 9

*United States v. Saferstein*,
    673 F.3d 237 (3d Cir. 2012) .............................................................. 17

*United States v. Smalley*,
    517 F.3d 208 (3d Cir. 2008) ...................................................... 19, 20

*United States v. Tomko*,
    562 F.3d 558 (3d Cir. 2009) (en banc) .................................................. 21, 22, 23

*United States v. Vazquez-Lebron*,
    582 F.3d 443 (3d Cir. 2009) ............................................................................ 33

*United States v. Wallace*,
    597 F.3d 794 (6th Cir. 2010) ...................................................................... 33, 34

## Federal Statutes

18 U.S.C. § 1470 .............................................................................................. 6

18 U.S.C. § 2422 .............................................................................................. 6

18 U.S.C. § 3231 .............................................................................................. 1

18 U.S.C. § 3553 .................................................................................... *passim*

18 U.S.C. § 3742 .............................................................................................. 1

28 U.S.C. § 1291 .............................................................................................. 1

## Other

U.S.S.G. § 2G1.3 .............................................................................................. 7

U.S.S.G. § 3D1.4 .............................................................................................. 7

U.S.S.G. § 3E1.1 .............................................................................................. 7

U.S.S.G. § 4B1.5 ...................................................................................*passim*

# STATEMENT OF SUBJECT MATTER
# AND APPELLATE JURISDICTION

This case commenced with the prosecution of appellant, William S. Dahl, for violations of the laws of the United States.  District courts have original jurisdiction over such prosecutions pursuant to 18 U.S.C. § 3231.  Upon conviction, Mr. Dahl was sentenced to an aggregate 293 months' imprisonment, to be followed by twenty years of supervised release.  He appealed, and this Court vacated the judgment and remanded for resentencing.  *See United States v. Dahl*, 833 F.3d 345 (3d Cir. 2016).   On remand, the district court imposed the same 293-month sentence and entered an amended judgment to that effect.  (App. 3-8).[1]

This is an appeal of the district court's amended judgment entered on December 1, 2016.  (App. 3-8).  A notice of appeal was timely filed the same date.  (App. 1-2).  This Court has jurisdiction under 28 U.S.C. § 1291, as an appeal from a final decision of a district court, and more specifically under 18 U.S.C. § 3742(a), as an appeal of a sentence imposed under the Sentencing Reform Act of 1984.

---

[1]     "App." followed by a number denotes the relevant page of the joint appendix.  Volume I of the appendix is bound with this brief pursuant to Local Appellate Rule 32.2(c).  The Presentence Investigation Report ("PSR") has been separately filed under seal, pursuant to Local Appellate Rule 30.3(c).

1

## <u>STATEMENT OF RELATED CASES AND PROCEEDINGS</u>

Mr. Dahl's case was previously before this Court, at No. 15-2271, on appeal from the district court's original judgment. The government filed a cross-appeal, at No. 15-2537, which was subsequently dismissed upon the government's motion. This Court vacated the original judgment and remanded for resentencing. *See United States v. Dahl*, 833 F.3d 345 (3d Cir. 2016). Counsel is aware of no other case or proceeding—completed, pending or about to be presented to this Court or any other court or agency, state or federal—that is in any way related to this appeal.

# STATEMENT OF THE ISSUES

## I.

**Whether the imposition of an identical sentence on remand violated due process by denying Mr. Dahl the benefit of this Court's mandate and perpetuating the error ostensibly corrected in the first appeal.**

### Preservation of Issue

This issue was preserved though defense counsel's objection that imposing a 293-month sentence would circumvent this Court's decision in the first appeal, which lowered the Guidelines range from 235-293 to 121-151 months. (App. 128-29, 159-60). The district court overruled the objection by imposing the same sentence as had been imposed at the original sentencing. (App. 135).

## II.

**Whether the district court procedurally erred by failing to meaningfully consider the 121-151 month Guidelines range.**

### Preservation of Issue

This issue was preserved though defense counsel's objection that imposing a 293-month sentence would require ignoring the new Guidelines range of 121-151 months. (App. 126-27, 160). The district court overruled the objection by imposing a 293-month sentence. (App. 135).

## III.

**Whether the district court procedurally erred in imposing a 293-month sentence without justifying the large variance from the 121-151 month Guidelines range and without responding to numerous defense arguments in mitigation.**

### Preservation of Issue

No objection was made in the district court.

## STATEMENT OF THE CASE

This case is before the Court for a second time.  Mr. Dahl was originally sentenced to 293 months' imprisonment on a Guidelines range of 235-293 months.  In the first appeal, this Court held that the range was miscalculated, and remanded for resentencing under a dramatically reduced range of 121-151 months.  The district court imposed the same 293-month sentence on remand.  This appeal followed.

### A.    The attempted enticement and resulting convictions

Mr. Dahl placed several advertisements on Craigslist seeking sexual encounters with young males.  (App. 41).[2]  Acting independently, two undercover law enforcement agents replied to the advertisements, representing themselves to be fifteen-year-old boys.  (App. 41, 44).  During ensuing email correspondence with each of the undercover agents over a period of weeks, Mr. Dahl engaged in graphic sexual conversation, requested photographs of the boys, and attempted to arrange in-person sexual encounters.  (App. 41-43, 45).  The agents provided photographs of the (fully-clothed) minor boys whom they purported to be, and Mr. Dahl sent one agent a photograph of his penis.  (App. 42, 44).  One of the agents

---

[2]    The advertisements variously sought people who were "young," or under the age of twenty-two.  (App. 47).

eventually made arrangements to meet Mr. Dahl, ostensibly for a sexual encounter, and took him into custody. (App. 43-44).

A subsequent examination of Mr. Dahl's email accounts revealed approximately two thousand messages relating to sexual solicitations on Craigslist, most of which involved adults but five or six of which appeared to involve minors. (App. 74-75, 77-78). None of the messages involving minors indicated that a sexual encounter had actually taken place with the minor. (App. 78).

Based on this conduct, Mr. Dahl pleaded guilty to three counts of attempted use of an interstate commerce facility to entice a minor to engage in sexual conduct, in violation of 18 U.S.C. § 2422(b) (Counts One, Four, and Five); one count of attempted enticement of a minor to travel in interstate commerce to engage in sexual activity, in violation of 18 U.S.C. § 2422(a) (Count Two); and one count of transfer of obscene material to a minor, in violation of 18 U.S.C. § 1470 (Count Three).

### B.    Mr. Dahl's relevant criminal history

Mr. Dahl has several prior convictions related to sexual activity, all in Delaware state court. In 1991, he was convicted of first- and third-degree unlawful sexual contact, relating to encounters with two seventeen-year-old boys. *See* PSR at ¶ 47. In 1998, Mr. Dahl was convicted of offensive touching, relating to an encounter with a sixteen-year-old boy. *Id.* at ¶ 49. In 1999, he was convicted of

6

dealing in child pornography. *Id.* at ¶ 50. In 2001, Mr. Dahl was convicted of second-degree unlawful sexual contact, relating to an encounter with a fourteen-year-old boy. *Id.* at ¶ 51.[3]

### C. The original Guidelines range and sentence imposed

The district court originally calculated Mr. Dahl's U.S. Sentencing Guidelines range as 235-293 months' imprisonment, based on the court's application of the "career sexual offender" guideline, U.S.S.G. § 4B1.5. (App. 102). Section 4B1.5 dramatically increases certain defendants' otherwise-applicable Guidelines range if they have at least one prior "sex offense" conviction, as that term is defined by the guideline.

Here, Mr. Dahl's otherwise-applicable range was 121-151 months, based on the application of U.S.S.G. §§ 2G1.3 (the prohibited sexual conduct guideline) and 4A1.1 (the criminal history guideline).[4] The district court determined that Mr.

---

[3]    The PSR contains two minor errors in its recitation of this criminal history, which we note here to avoid confusion. First, the PSR reports a 1991 conviction for third-degree unlawful sexual "conduct," when in fact the conviction was for third-degree unlawful sexual "contact" (there is no Delaware offense of unlawful sexual conduct). PSR at ¶ 47. Second, the PSR reports convictions in 2001 for three counts of an unspecified grade of unlawful sexual contact, when in fact the conviction was for one count of second-degree unlawful sexual contact. *Id.* at ¶ 51.

[4]    Mr. Dahl's total offense level was 29, and his criminal history category was IV, calculated as follows:

(*continued*)

Dahl's 1991 prior convictions for Delaware first- and third-degree unlawful sexual contact were "sex offense" convictions triggering § 4B1.5. (App. 61); PSR ¶ 47. As a result, Mr. Dahl's Guidelines range was doubled, to 235-293 months' imprisonment. (App. 102).[5] The court ultimately imposed a sentence of 293 months, expressly citing the Guidelines range. (App. 104).

### D.    The first appeal

Mr. Dahl appealed the sentence, arguing that application of § 4B1.5 was plain error because his prior convictions are not categorically sex offense convictions. He explained that unlawful sexual contact is the lowest level sex

---

| Base offense level: | 28 | |
|---|---|---|
| | +2 | (pursuant to § 2G1.3(b)(3), for enticement through the use of a computer) |
| | +2 | (pursuant to § 3D1.4, as a grouping adjustment for multiple counts) |
| | -3 | (pursuant to § 3E1.1, for acceptance of responsibility) |
| | 29 | |

Criminal History Category:    IV (based on 9 criminal history points)

*See* PSR at ¶¶ 21-35, 38-39, 54.

[5]    The total offense level was raised from 29 to 34, and the criminal history category was raised from IV to V. *See* PSR at ¶¶ 37-40, 55, 109.

crime in Delaware, covering a broad range of conduct that is not proscribed by federal law.[6]

This Court agreed, finding the error clear. *See United States v. Dahl*, 833 F.3d 345, 358 (3d Cir. 2016). The Court also deemed the error prejudicial, because the district judge's explanation of sentence suggested that he was influenced by the Guidelines range, and because it would be speculative to assume the judge would have upwardly departed from the otherwise-applicable range or imposed a 293-month sentence without application of § 4B1.5. *Id.* at 358-59. Finally, the Court exercised its discretion to correct the error because it determined that there was "a reasonable probability that [Mr. Dahl] will linger longer in prison than the law demands only because of an obvious judicial mistake." *Id.* at 359 (quoting *United States v. Sabillon-Umana*, 772 F.3d 1328, 1335 (10th Cir. 2014)). The Court therefore vacated the 293-month sentence and remanded for resentencing:

> [W]e will vacate Dahl's sentence and remand for resentencing in accordance with this opinion and in consideration of 18 U.S.C. § 3553(a) and the Sentencing Guidelines.

---

[6]    Under Delaware law at the relevant time, third-degree unlawful sexual contact was a class A misdemeanor and first-degree unlawful sexual contact was a class D felony. *See* 11 Del. Code §§ 767, 769. The higher level sex crimes, unlawful sexual penetration and unlawful sexual intercourse (of which Mr. Dahl has never been convicted), ran in degrees from a class D felony to a class A felony. *See* 11 Del. Code §§ 770-75.

*Id*. at 359-60.

### E.    The resentencing

On remand, the parties agreed that the Guidelines range is 121-151 months, and the district court so found.  (App. 133).  The government asked the district court to reimpose the original 293-month sentence, through either an upward departure, an upward variance, or some combination thereof.  (App.109-10, 143-49).

The defense argued that a within-range sentence would be appropriate under 18 U.S.C. § 3553(a).  It stressed, among other things, that:

·    a top-of-range sentence of 151 months would keep Mr. Dahl imprisoned until age 70, at which point the risk of recidivism is greatly reduced (App. 127, 165);

·    the risk of recidivism is further reduced because Mr. Dahl's health had precipitously declined in the eighteen months since the first sentencing (as evidenced by detailed medical records submitted to the court), and because Mr. Dahl will be on supervised release for twenty years after any custodial sentence (effectively for life) (App. 127, 164-65, 171-218); and

·    a sentence double the top of the range, as requested by the government, would lead to unwarranted sentencing disparity (App. 163, 168-69).

The defense also argued that reimposing the 293-month sentence would circumvent the categorical approach and this Court's decision in the first appeal.

10

(App. 128-29, 159-60).  Doing so would effectively ignore the new Guidelines

range in favor of the old one, counsel maintained:

> So, essentially, the government's asking you to go from .
> . . the application of 4B1.5, in essence , and I . . . submit
> that we need to start at 121-151 and then look at the
> appropriate factors that may warrant a sentence, if Your
> Honor is inclined, that would be slightly outside that
> Guideline range.

(App. 126-27).

    The district court reimposed the 293-month sentence.  (App. 135).  The court

began by calculating the Guidelines range as 121-151 months, and then stated its

obligation to consider various § 3553(a) factors.  (App. 133-34).  The court noted

the "significant upward variance," (App. 135), but never quantified it (142 months,

or approximately double the range) or addressed the extent of the deviation from

the Guidelines range.  Nor did the court provide an explanation for selecting 293

months in particular, as opposed to some other sentence representing a large

upward variance.

    The court's full explanation of sentence was as follows:

> First, with respect to the seriousness of the offenses.
> While most of the crimes, federal crimes, are serious, the
> crimes to which you have pleaded guilty, Mr. Dahl, are
> some of the most serious in my view in the criminal
> code.  They all involved in one form or another the
> attempt to prey upon a young boy and/or boys and the
> abuse of them sexually.

Now, I need to turn to the important issue of the need to protect the public from further crimes of you, the defendant. You have a most serious criminal history, which has spanned over three decades. You have nine criminal convictions, included of course are convictions for robbery. But more pertinent to today's sentencing, you have five convictions for sexual contact for abuse of minors.

As revealed in the pre-sentence report, you have been given therapy and treatment, you have been placed on home confinement, you have been placed on probation and none of these have seemed to do any good. You have also been sent to prison for your crimes, but apparently has not taught you anything at all.

In a word, Mr. Dahl, you are a pedophile and a recidivist. The Court, above all, is compelled to act to protect society and particularly young boys from further crimes of you, the defendant. The Court has no doubt that without a long sentence and a significant upward variance, you would be back on the street as a sexual predator. The Court cannot afford to take a chance on your behaving yourself back in society.

In terms of your history and circumstances, I find nothing in your history or your circumstances which seems to have any redeeming value whatsoever or any reason not to impose a significant upward variance.

(App. 134-35).

## SUMMARY OF THE ARGUMENT

At the original sentencing in this case, the district court calculated the Guidelines range to be 235-293 months' imprisonment, based on its application of the offense-level and criminal-history-category enhancements found in U.S.S.G. § 4B1.5.  The court then imposed a sentence of 293 months, expressly referencing the Guidelines range.  On appeal, this Court held the application of § 4B1.5 to be plain error, and remanded for resentencing under the dramatically reduced range of 121-151 months.  The district court imposed the same 293-month sentence on remand.

That was error, for three distinct but interrelated reasons.  *First*, on this record, it is clear that Mr. Dahl would never have been sentenced to 293 months' imprisonment—at either the first sentencing or on remand—had the original Guidelines error not occurred.  At resentencing, the court determined that the circumstances of this case require a lengthy sentence and substantial variance, but offered no explanation for imposing (a now random) 293 months in particular, as opposed to some other sentence above the 121-151 month range.  Mr. Dahl was therefore denied the benefit of this Court's mandate and continues to be prejudiced by an error ostensibly corrected on appeal, in violation of due process.

*Second*, the district court procedurally erred by failing to meaningfully consider the 121-151 month range.  The court calculated the range at step one of

13

the sentencing process, but then ignored it at step three—never even mentioning the extent of the variance or the lack of weight afforded the range. *Third*, the court procedurally erred by failing to provide an adequate explanation for the sentence. In particular, the court did not adequately justify the large variance and did not respond to numerous defense arguments in mitigation. A large variance requires a thorough explanation, which was lacking here. And Mr. Dahl made at least two substantial arguments for a lower sentence—regarding the unlikelihood of recidivism after the age of 70 and the unwarranted sentencing disparity that would result from a 293-month sentence—that the court ignored, in plain violation of this Court's rulings.

Resentencing is required for all of these reasons. Under the circumstances of this case, the district court should be instructed on remand to impose a reduced sentence (whether within or above the Guidelines range) that reflects an assessment of the § 3553(a) factors divorced from the erroneous 235-293 month range.

# ARGUMENT

## I.

**The imposition of an identical sentence on remand violated due process by denying Mr. Dahl the benefit of this Court's mandate and perpetuating the error ostensibly corrected in the first appeal.**

### Standard of Review

Claims that an aspect of sentencing violated due process are reviewed *de novo*. *See, e.g.*, *United States v. Ausburn*, 502 F.3d 313, 321 (3d Cir. 2007).

### Discussion

Mr. Dahl's case stands in an unusual posture. At his first sentencing, the Guidelines range was wrongly calculated to be 235-293 months, based on the incorrect view that he is subject to major upward adjustments in his offense level and criminal history category, pursuant to U.S.S.G. § 4B1.5. The district court imposed a top-of-range sentence of 293 months, arriving at that number by expressly referencing the miscalculated range. (App. 104). On appeal, this Court corrected the Guidelines error and remanded for resentencing under the dramatically reduced range of 121-151 months.

On remand, the district court noted the lower range but reimposed the same 293-month sentence through an upward variance in light of 18 U.S.C. § 3553(a). The extent of that extraordinary variance—142 months, or in the vicinity of double an already-substantial Guidelines range—was never discussed by the court. Nor

15

did the court explain why it varied to (a now random) 293 months in particular, as opposed to some other sentence above, but "anchor[ed]" by, the proper Guidelines range. *Molina-Martinez v. United States*, 136 S. Ct. 1338, 1345 (2016).

The first issue raised in this appeal is straightforward: on this record, it is clear that Mr. Dahl would not currently stand sentenced to 293 months' imprisonment had the Guidelines error not occurred at the first sentencing. By reimposing the 293-month sentence without providing an explanation—independent of the erroneous 235-293 month range—for how it arrived at that sentence in particular, the district court perpetuated the original Guidelines error. That violates due process, because Mr. Dahl has been denied the benefit of this Court's mandate and continues to be prejudiced by a major error ostensibly corrected on appeal.

"A trial court must implement both the letter and spirit of the mandate, taking into account the appellate court's opinion and the circumstances it embraces." *United States v. Kennedy*, 682 F.3d 244, 253 (3d Cir. 2012). Given how "firmly ingrained" and "fundamental to our hierarchical system of justice" that principle is, *id.* at 252, the mandate rule is a component of the due process guaranteed to a criminal defendant. And "it is beyond dispute that a sentencing calculation may violate the due process clause of the Fifth Amendment if there is a

possibility that the sentence imposed may have been based on legal and/or factual error." *United States v. Mannino*, 212 F.3d 835, 846 (3d Cir. 2000).[7]

Here, it is beyond dispute that the 293-month sentence came from one source, and one source only: the top of the erroneous Guidelines range. At the original sentencing, the district court expressly cited the range while selecting the sentence, (App. 104), and provided no independent explanation for the selection of 293 months in particular. This Court corrected the Guidelines error, and mandated resentencing "in accordance with this opinion and in consideration of 18 U.S.C. § 3553(a) and the Sentencing Guidelines." 833 F.3d at 359-60. At resentencing, the district court offered no further explanation for 293 months in particular. To be sure, the court determined that a "long sentence" and "significant upward variance" were required. (App. 135). But it strains credibility to suggest that the court determined, independently of the erroneous 235-293 range and with granular precision, that 293 months—a peculiar 142 months above the range—also happens to be the precise sentence sufficient but not greater than necessary to achieve the purposes of sentencing under § 3553(a).

---

[7]    While not every Guidelines error rises to the level of a due process violation, major ones may. *Compare United States v. Saferstein*, 673 F.3d 237, 243 n.3 (3d Cir. 2012) (denial of adjustment for acceptance of responsibility not constitutional) *with Mannino*, 212 F.3d at 844-87 (miscalculation of drug quantity attributable to defendant of constitutional dimension).

The reality is much simpler:  the court was still guided by the erroneous Guidelines range, but offered a *post hoc* justification grounded in the § 3553(a) factors for a sentence at the top of that range.  If the Guidelines error had never occurred, the range would have been calculated as 121-151 months, and at the original sentencing Mr. Dahl would almost certainly have received either 151 months or some unknown greater term arrived at through an upward variance.[8] But certainly not 293 months, an utterly random sentence outside the context of the erroneous Guidelines range.  Mr. Dahl has therefore been denied the benefit of this Court's mandate and continues to be prejudiced by a major error ostensibly corrected on appeal.  That violates due process.

It is important to recognize that Mr. Dahl's argument is quite modest.  He is *not* suggesting that this Court mandated a sentence reduction in the first appeal, or that district courts must always reduce a sentence when this Court remands for application of a lower Guidelines range.  District courts are free to reimpose the same sentence, by upwardly varying if necessary, provided they give an adequate

---

[8]    Perhaps most likely was a sentence of 205 months, which the parties had originally agreed upon in the context of a proposed guilty plea pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C).  (App. 159).  The district court rejected the plea agreement because it was proffered before the PSR was prepared, not because the court deemed 205 months an inappropriate sentence.  (App. 26-27). And it was the PSR, of course, that introduced the Guidelines error into this case. *See* PSR at ¶¶ 37, 55.

justification for the particular sentence that is untethered to the original error, anchored by the proper Guidelines range, and reflective of a sound exercise of discretion in light of the § 3553(a) factors. That is what this Court requires before it will uphold an alternative non-Guidelines sentence announced at an original sentencing, and there is no reason for a different approach when the alternative sentence is announced on remand. *See United States v. Smalley*, 517 F.3d 208, 215 (3d Cir. 2008). Such a justification is lacking here.

Nor is Mr. Dahl making a claim of judicial bias or vindictive sentencing. *See generally United States v. Nerius*, 824 F.3d 29 (3d Cir. 2016). The due process violation here stems instead from the denial of the benefit of this Court's mandate and the perpetuation of an error that was ostensibly corrected on appeal. In the end, the constitutional question in this case is whether Mr. Dahl would stand sentenced to 293 months had the Guidelines error never occurred. The answer is clearly "no." To conclude otherwise is to indulge the fiction that 293 months, aside from being the top of the erroneous Guidelines range, is the precise sentence (an odd 142 months removed from the correct range) minimally sufficient to achieve the purposes of sentencing under § 3553(a). The Court may be willing to accept such a proposition if it were fully and timely documented in the record, *see*

19

*Smalley*, 517 F.3d at 215, but it cannot plausibly do so here.  Resentencing is required.[9]

## II.

### The district court procedurally erred by failing to meaningfully consider the 121-151 month Guidelines range.

<u>Standard of Review</u>

Criminal sentences are reviewed for reasonableness, generally an abuse-of-discretion standard.  Sentencing procedures are reviewed *de novo* where, as here, they were objected to below.  *See United States v. Flores-Mejia*, 759 F.3d 253, 256-57 (3d Cir. 2014) (*en banc*).

<u>Discussion</u>

The procedural framework for post-*Booker*[10] sentencing has long been settled in this Circuit.  Under *United States v. Gunter*, 462 F.3d 237 (3d Cir. 2006), sentencing courts must follow a three-step process:

---

[9]    Under the circumstances of this case---the obvious source of the otherwise random 293-month sentence, the magnitude of the error, and the failure to timely provide an independent justification for the selection of 293 months in particular at the second sentencing---the district court should be instructed on remand to impose a reduced sentence (whether within or above the Guidelines range) that reflects an assessment of the § 3553(a) factors divorced from the erroneous 235-293 month range.

[10]    *United States v. Booker*, 543 U.S. 220 (2005).

(1) calculate the Guidelines range precisely as they would have pre-*Booker*;

(2) "formally rule on the [departure] motions of both parties and state on the record whether they are granting a departure and how that departure affects the Guidelines calculation"; and

(3) exercise their discretion by considering the relevant 18 U.S.C. § 3553(a) factors in setting the sentence they impose, regardless of whether it varies from the sentence calculated under the Guidelines.

462 F.3d at 247.  In this case, the district court procedurally erred in two respects at step three.  The first error, relating to the court's failure to meaningfully consider the Guidelines range, is discussed here.  The court's other step-three procedural error, relating to its explanation of sentence, is separately discussed in Point III of this brief.

### A. At step three of the sentencing process, district courts must meaningfully consider the Guidelines range

At step three of the sentencing process, the district court must give "meaningful consideration" to the § 3553(a) factors.  *United States v. Begin*, 696 F.3d 405, 411 (3d Cir. 2012).  One of those factors is the Guidelines range.  *See, e.g.*, *United States v. Ali*, 508 F.3d 136, 154 (3d Cir. 2007) (citing 18 U.S.C. § 3553(a)(4)).  Indeed, the Guidelines range—more than any other single § 3553(a) factor—is the "vital force" at sentencing because it reflects the U.S. Sentencing Commission's "rough approximation" of the sentences that achieve § 3553(a)'s objectives.  *United States v. Tomko*, 562 F.3d 558, 581 (3d Cir. 2009) (*en banc*)

21

(quoting *Rita v. United States*, 551 U.S. 338, 350 (2007)).  The Guidelines range therefore receives special procedural treatment.  It is the "starting point and . . . initial benchmark" for the sentence imposed.  *Gall v. United States*, 552 U.S. 38, 49 (2007).  And district courts "must . . . remain cognizant of [the range] throughout the sentencing process," because the range "anchor[s] both the district court's discretion and the appellate review process."  *Peugh v. United States*, 133 S. Ct. 2072, 2083, 2087 (2013).  *Accord Molina-Martinez v. United States*, 136 S. Ct. 1338, 1345-46 (2016).

Although there is no uniform threshold for what constitutes meaningful consideration of a § 3553(a) factor, this Court "always demand[s] more than a rote recitation" of the factor if the parties place its weight into dispute.  *Tomko*, 562 F.3d at 567.  *Accord United States v. Cooper*, 437 F.3d 324, 329 (3d Cir. 2006).  That is particularly true of the Guidelines range, which must be both calculated at step one of the sentencing process and meaningfully considered at step three.  *See Gunter*, 462 F.3d at 247; *Ali*, 508 F.3d at 154.  Failure to give meaningful consideration to a § 3553(a) factor results in procedural, rather than substantive, sentencing error.  *See Gall*, 552 U.S. at 51; *United States v. Negroni*, 638 F.3d 434, 444-45 n.9 (3d Cir. 2011).

**B.    The 121-151 month Guidelines range was not meaningfully considered**

Here, the 121-151 month Guidelines range was not meaningfully considered at step three of the sentencing process.  The district court did not mention the range at any point in its explanation of the sentence imposed, nor did it give any indication of "remain[ing] cognizant" of the range throughout the sentencing process.  *Peugh*, 133 S. Ct. at 2083.  While the court summarily calculated the range on the record at step one, (App. 133), that rote recitation is insufficient to demonstrate meaningful consideration—particularly in the circumstances of this case, where the defense placed great weight on the range and the court ultimately imposed a 142-month upward variance.  *See Tomko*, 562 F.3d at 567.

A recent decision of the Eleventh Circuit, while not on point in its holding, is analogous and instructive.  *See United States v. Rosales-Bruno*, 789 F.3d 1249 (11th Cir. 2015).  The defendant there was convicted of illegally reentering the United States, and his Guidelines range was determined to be 70-87 months based on a significant enhancement for having been previously convicted of a "crime of violence."  789 F.3d at 1251.  The district court imposed a top-of-range sentence of 87 months' imprisonment.  On a first appeal, the Eleventh Circuit reversed the crime-of-violence enhancement due to an error in applying the categorical

23

approach, and remanded for resentencing under a new range of 21-27 months.[11]

The district court reimposed the same 87-month sentence on remand through an

upward variance.  On a second appeal, the defendant challenged only the

substantive reasonableness of that sentence, and a deeply divided panel of the

Eleventh Circuit affirmed.  *Id.*

Two judges on the panel doubted whether the reimposition of the same

sentence on remand was *procedurally* reasonable, an issue not raised on appeal.

*See Rosales-Bruno*, 789 F.3d at 1278 (Corrigan, D.J., concurring in result), 1278-

81 (Wilson, J., dissenting).  As the concurring judge explained:

> I [am] concerned that, in arriving at the exact same 87-
> month sentence on remand that he had previously
> imposed (the high end of the now-discredited guidelines
> range), the district judge did not pay sufficient heed to
> this Court's decision and did not consider the guidelines
> as corrected.  However, [the defendant] has not asserted
> this ground, or any other procedural irregularity, on
> appeal.

---

[11]    The original Guidelines errors in *Rosales-Bruno* and this case are
remarkably similar.  There, the offense for which the defendant was previously
convicted was not categorically a crime of violence, even though the defendant
indisputably committed the offense in a violent manner.  789 F.3d at 1260-61.
Here, Mr. Dahl's prior convictions are not categorically "sex offense convictions,"
even though the alleged conduct underlying those convictions (some of which is
disputed) would have qualified as such.  833 F.3d at 353-57, 359.

*Id*. at 1278. Judge Wilson, in dissent from the substantive reasonableness holding, was more vociferous in his conclusion that the new Guidelines range was not meaningfully considered on remand:

> [D]espite a massive, 60-month, 68-percent decrease in the upper end of the advisory range resulting from this court's opinion vacating [the defendant's] initial sentence, the sentence imposed at [] resentencing did not decrease by a single day. Under the circumstances, it is clear that the district court failed to consider the Guidelines as required under 18 U.S.C. § 3553(a)(4). * * * *
>
> The fact that such a dramatic decrease in the Guidelines had no impact on the sentence imposed shows clearly that the Guidelines were given no weight at all, which . . . is entirely incompatible with Congress's command to consider the Guidelines when imposing a sentence.

*Id*. at 1278, 1280.

Judge Wilson recognized the obvious, which is equally true in Mr. Dahl's case: the sentence originally imposed, and reimposed on remand, "did not come from the district court's judgment or experience[; i]t came from the Sentencing Guidelines—or, more accurately, from a miscalculation of the Guidelines." *Id.* at 1280. Because the correctly calculated 121-151 month Guidelines range was not meaningfully considered, resentencing is required.

# III.

**The district court procedurally erred in imposing a
293-month sentence without justifying the large
variance from the 121-151 month Guidelines range
and without responding to numerous defense
arguments in mitigation.**

## Standard of Review

Review is for plain error, as no independent objection was made to the

district court's explanation of sentence.  *See United States v. Flores-Mejia*, 759

F.3d 253, 255 (3d Cir. 2014) (*en banc*).

## Discussion

Aside from not meaningfully considering the Guidelines range, the district

court committed a distinct procedural error when it failed to justify the large

variance from the 121-151 month range and failed to respond to numerous defense

arguments in mitigation.  The court's inadequate explanation of sentence

independently requires remand.

**A.    At step three of the sentencing process, district courts must
thoroughly explain large variances and must respond to
non-frivolous sentencing arguments**

As discussed above, district courts must give "meaningful consideration" to

the § 3553(a) factors at step three of the sentencing process.  *United States v.*

*Begin*, 696 F.3d 405, 411 (3d Cir. 2012).  Besides requiring more than a rote

recitation of the factors, the meaningful-consideration requirement imposes at least two other duties on a district court.

First, the court must provide "an explanation for any deviation from the Guidelines range." *Gall v. United States*, 552 U.S. 38, 51 (2007).  The larger the variance, the more thorough the explanation must be.  *See United States v. Negroni*, 638 F.3d 434, 445-46 (3d Cir. 2011) ("[W]e . . . require that a substantial variation be accompanied by a more complete explanation than would be required for a sentence within or only modestly outside the Guidelines range.").  *Accord Gall*, 552 U.S. at 50.  It is not enough for the court merely to establish the degree of the variance by identifying the range, or to discuss aggravating circumstances and then sentence above the range.  *Negroni*, 638 F.3d at 446.  Instead, "the chain of reasoning must be complete," explaining how the aggravating circumstances warrant the particular sentence imposed.  *Id.*

Second, "the court must acknowledge and respond to any properly presented sentencing argument which has colorable legal merit and a factual basis."  *Begin*, 696 F.3d at 411 (quoting *United States v. Ausburn*, 502 F.3d 313, 329 (3d Cir. 2007)).  That is required at every sentencing, but is strictly enforced when a court substantially varies from the Guidelines range.  Indeed, the thorough explanation required for a large variance must directly respond to the specific arguments made by the party objecting to the variance.  *See United States v. Kononchuk*, 485 F.3d

27

199, 204-05 (3d Cir. 2007) ("Following the [party's] objections, the district court was obliged to explain why a significant variance was warranted under § 3553(a) in light of the concerns raised by the [party]."). A party's objection that a large variance will result in unwarranted sentencing disparity must be addressed, for instance—failure to do so invariably results in remand. *See, e.g.*, *Kononchuk*, 485 F.3d at 205 (remanding because court did not explain why large variance did not result in unwarranted disparity); *Negroni*, 638 F.3d at 446 (same); *Ausburn*, 502 F.3d at 330-31 (same); *United States v. Merced*, 603 F.3d 203, 222-25 (3d Cir. 2010) (same); *United States v. Lychock*, 578 F.3d 214, 219 (3d Cir. 2009) (same); *United States v. Goff*, 501 F.3d 250, 261 (3d Cir. 2007) (same).

The acknowledge-and-respond requirement is crucial, because it is the only way to ensure the district court "produce[s] a record sufficient to demonstrate its rational and meaningful consideration of the § 3553(a) factors." *Begin*, 696 F.3d at 411. Thus, if a party raises a non-frivolous argument in mitigation of sentence, "the district court may not ignore it." *Id.* (quoting *Merced*, 603 F.3d at 215). *See also United States v. Flores-Mejia*, 759 F.3d 253, 255 (3d Cir. 2014) (*en banc*); *United States v. Jackson*, 467 F.3d 834, 841 (3d Cir. 2006).

**B.    The district court failed to justify the large variance and failed to respond to several non-frivolous mitigation arguments**

Here, the district court failed to justify the large upward variance in light of Mr. Dahl's objections, and failed to respond to several of his non-frivolous mitigation arguments. There is no doubt that a "thorough explanation" of the upward variance was required—it totaled a shocking 142 months, or essentially double the already-substantial 121-151 month Guidelines range. *Compare Negroni*, 638 F.3d at 445-46 (70-month downward variance to probation requires thorough explanation); *Kononchuk*, 485 F.3d at 204-05 (same, 18-month downward variance to probation). No such explanation was given.

The district court was primarily, and legitimately, concerned with incapacitation—protecting the public from any future crime of Mr. Dahl. (App. 134-35). Defense counsel argued strenuously that incapacitation could be fully achieved by a sentence at the top or slightly above the Guidelines range. (App. 127, 164-65, 171-218). A top-of-range sentence of 151 months would keep Mr. Dahl in prison until he was 70 years old, by which time—particularly given his recently deteriorated health (documented in medical records submitted to the court) and his forthcoming twenty-year supervised release monitoring—he would be exceedingly unlikely to recidivate. (App. 127, 164-65, 171-218). Defense counsel

29

also argued that sentencing to 293 months on a 121-151 month range would necessarily cause unwarranted sentencing disparity. (App. 163, 168-69).

The district court responded to none of this. It asked no questions as defense counsel articulated these arguments, (App. 268-69), nor did it address the arguments in its explanation of sentence, (App. 134-35). Instead, the court noted the seriousness of Mr. Dahl's offenses, the need to protect the public in light of Mr. Dahl's criminal history and lack of rehabilitation to date, and a perceived lack of redeeming personal characteristics. (App. 134-35). Although the court noted that a "long sentence" and "significant upward variance" were required, (App. 135), it said nothing about why keeping Mr. Dahl in prison until he is 82 (should he live that long) rather than 70 (or 75, for that matter) is necessary for effective incapacitation. And the court remained completely silent on the issue of sentencing disparity, a "highly relevant § 3553(a) factor in these circumstances." *Negroni*, 638 F.3d at 446.

"In a case involving such a substantial variance, it is not enough to note [aggravating] factors and then impose sentence." *Negroni*, 638 F.3d at 446. The district court here failed to "explain why a significant variance was warranted under § 3553(a) in light of the concerns raised by [Mr. Dahl]." *Kononchuk*, 485 F.3d at 204-05. It likewise failed to "produce a record sufficient to demonstrate its rational and meaningful consideration of the § 3553(a) factors." *Begin*, 696 F.3d at

411. Nothing in the court's explanation of sentence, including its rote recitation of various sentencing factors, was "a sufficient response to [Mr. Dahl's] specific colorable argument" that he was unlikely to recidivate past the age of 70 and that unwarranted sentencing disparity would result from a 293-month sentence. *Id.*[12]

By definition, "a district court abuses its discretion when it fails to give meaningful consideration to an argument raised by the defendant." *Flores-Mejia*, 759 F.3d at 259. In *Flores-Mejia*, the district court attentively listened to both parties' arguments concerning the defendant's cooperation, and immediately acknowledged those arguments by saying "Ok, thanks. Anything else?" *Id.* The *en banc* Court remanded for resentencing, holding that while the district court's response "might be read to reflect that the court had heard and considered the specific argument about cooperation," it was insufficient because "there was no specific ruling provided by the court or any other effort to address the argument." *Id.* Even more so here, where the acknowledge-and-respond requirement is most

---

[12]    Notably, the district court did not even mention the need to avoid unwarranted sentencing disparity (18 U.S.C. § 3553(a)(6)) in its rote recitation of the § 3553(a) factors considered. (App. 133-34). Even if it had, that would have been insufficient. *See, e.g.*, *Negroni*, 638 F.3d at 446 (remanding where district court "identified the [disparity] concern and stated it had considered the factor, [but] provided no explanation for why the sentence it imposed was justified despite the clear disparity it seemed to create").

31

strictly enforced and where there was no acknowledgment, even, of the recidivism and disparity arguments.[13]

## C.    The error is plain and warrants correction

The district court's inadequate explanation of sentence is plain error warranting correction on appeal.  The test for plain error is familiar:  there must be (1) an error; (2) that is clear and obvious; (3) that affects substantial rights; and (4) that seriously affects the fairness, integrity, or public reputation of judicial proceedings.  *See United States v. Olano*, 507 U.S. 725 (1993).  The test is satisfied here.

Given the Supreme Court's and this Court's repeated and clear statements requiring thorough explanations of large variances that justify the particular

---

[13]    *Rita v. United States*, 551 U.S. 338 (2007), often cited by the government in attempting to defend sentencing explanations like the one here, is not to the contrary.  In *Rita*, the Supreme Court approved a terse explanation of sentence because the sentence imposed was within the Guidelines range and other parts of the record made clear that the district court had considered the defendant's evidence and arguments.  551 U.S. at 344-45.  There is no similar record of consideration here, and in any event the Supreme Court has made clear—in *Rita* itself and subsequently in *Gall*—that bare-bones explanations are not sufficient in large variance cases, such as this one.  *See Rita*, 551 U.S. at 356-57; *Gall*, 552 U.S. at 50.  Nor does *Rita* undermine the acknowledge-and-respond requirement in general—this Court, including through the *en banc* decision in *Flores-Mejia*, has reaffirmed the requirement countless times post-*Rita*.  *See, e.g.*, *Flores-Mejia*, 759 F.3d at 259, *United States v. Jones*, 740 F.3d 127, 144 (3d Cir. 2014); *Begin*, 696 F.3d at 411; *Merced*, 603 F.3d at 215; *Ausburn*, 502 F.3d at 329.

sentence imposed in light of the parties' arguments, *see supra*, the error is clear and obvious. The error likewise affected Ms. Dahl's substantial rights. Had the district court properly addressed all of Mr. Dahl's arguments for a sentence lower than 293 months—including how a lesser sentence would fully ensure incapacitation and how a 293-month sentence would create unwarranted sentencing disparity—there is a reasonable possibility that the district court would have concluded that a lesser sentence was sufficient. *See United States v. Vazquez-Lebron*, 582 F.3d 443, 447 (3d Cir. 2009) (recognizing that "[t]he lesson of our post-*Booker* jurisprudence is that different procedures may lead to different sentences, and thus an error of procedure is seldom harmless").

Mr. Dahl's substantial rights were also affected because the inadequate sentencing explanation precludes "meaningful appellate review," which is itself a substantial right. *See United States v. Wallace*, 597 F.3d 794, 802 (6th Cir. 2010) (holding that district court's failure to consider defendant's variance argument affected substantial rights and constituted plain error requiring resentencing.). *Accord United States v. Rundle*, 585 F. App'x 813, 815 (3d Cir. 2014) (not precedential).

Finally, if left uncorrected, the error would "affect the fairness, integrity or public reputation of judicial proceedings." *Olano*, 507 U.S. at 736. The district court's imposition of a 293-month sentence without following required sentencing

procedures and without proper consideration of Mr. Dahl's arguments in mitigation or the requisite statutory sentencing factors can only seem arbitrary and unfair both to Mr. Dahl and to the public at large.  *See, e.g.*, *United States v. Brown*, 808 F.3d 865, 874 (D.C. Cir. 2015) (failure to adequately explain its sentence seriously affects fairness, integrity, or public reputation of judicial proceedings); *Wallace*, 597 F.3d at 805 (same); *Rundle*, 585 F. App'x at 815 (same).  Requiring thorough explanations of sentence "assures the parties of the fairness of the proceedings … and offers the defendant, the government, the victim, and the public a window into the decision-making process and an explanation of the purposes the sentence is intended to serve."  *Merced*, 603 F.3d at 225 (quoting *United States v. Grier*, 475 F.3d 556, 572 (3d Cir. 2007) (*en banc*).  Accordingly, the error warrants correction.

## **CONCLUSION**

For the foregoing reasons, the district court's judgment should be vacated and this case remanded for resentencing with instructions to impose a reduced sentence (whether within or above the Guidelines range) that reflects an assessment of the § 3553(a) factors divorced from the erroneous 235-293 month range.

Respectfully submitted,

/s/ Brett G. Sweitzer
BRETT G. SWEITZER
Assistant Federal Defender
Chief of Appeals

LEIGH M. SKIPPER
Chief Federal Defender

## **CERTIFICATE OF BAR MEMBERSHIP**

It is hereby certified that Brett G. Sweitzer is a member of the bar of

the Court of Appeals for the Third Circuit.


/s/Brett G. Sweitzer
BRETT G. SWEITZER

DATE:   April 7, 2017

## **CERTIFICATION**

I, Brett G. Sweitzer, Assistant Federal Defender, Chief of Appeals,

Federal Community Defender Office for the Eastern District of

Pennsylvania, hereby certify that the electronic version of the attached

brief was automatically scanned by Symantec Endpoint Protection,

version 12.1, and found to contain no known viruses.  I further certify

that the text in the electronic copy of the brief is identical to the text in

the paper copies of the brief filed with the Court.


/s/Brett G. Sweitzer
BRETT G. SWEITZER

DATE:    April 7, 2017

## <u>CERTIFICATE OF COMPLIANCE</u>

I, Brett G. Sweitzer, Assistant Federal Defender, Chief of Appeals Federal Community Defender Office for the Eastern District of Pennsylvania, hereby certify that appellant's brief complies with the type-volume limitation of Fed. R. App. P. 32(a)(7)(B) as amended December 1, 2016, because this brief contains 6,368 words, excluding the parts of the brief exempted by Fed. R. App. P. 32(a)(7)(B)(iii).  This brief also complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type style requirements of Fed. R. App. P. 32(a)(6) because this brief has been prepared in a proportionally spaced typeface using Word 2010 for Windows 7 word count software in font size 14, type style Times New Roman.

/s/Brett G. Sweitzer
BRETT G. SWEITZER


DATE:    April 7, 2017

## **CERTIFICATE OF SERVICE**

I, Brett G. Sweitzer, Assistant Federal Defender, Federal Community Defender

Office for the Eastern District of Pennsylvania, hereby certify that I have

electronically filed the *Brief for Appellant and Joint Appendix* and served copies

upon Filing User Michelle Rotella, Assistant United States Attorney, through the

Third Circuit Court of Appeals' Electronic Case Filing (CM/ECF) system.


/s/Brett G. Sweitzer
BRETT G. SWEITZER

DATE:    April 7, 2017