APPEAL NUMBER 16-4238

IN THE UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

UNITED STATES OF AMERICA,

V.

WILLIAM S. DAHL,
                Appellant

JOINT APPENDIX
VOLUME I (App. 1 - 8)

Appeal from Amended Judgment in a Criminal Case Entered on December 1, 2016, in the United States District Court for the Eastern District of Pennsylvania, at Criminal Number 14-cr-00382-1 by the Honorable Harvey Bartle, III

                BRETT G. SWEITZER
                Assistant Federal Defender
                Chief of Appeals

                LEIGH M. SKIPPER
                Chief Federal Defender

Federal Community Defender Office
For the Eastern District of Pennsylvania
Suite 540 West - Curtis Center
601 Walnut Street
Philadelphia, Pa   19106
(215) 928-1100

# TABLE OF CONTENTS

## VOLUME I (Bound with Brief)

**PAGE**

Notice of Appeal ..................................................................................................1

Amended Judgment in a Criminal Case ..............................................................3

## VOLUME II

**PAGE**

Docket Entries.....................................................................................................9

Transcript of Change of Plea Hearing (January 20, 2015) ......................................24

Transcript of Sentencing (May 15, 2015)...............................................................55

Transcript of Resentencing (November 30, 2016)……………………………… 107

## VOLUME III
### (Filed Under Seal Pursuant to Local Appellate Rule 30.3(b))

**PAGE**

Government Resentencing Memorandum ............................................................138

Defense Resentencing Memorandum and Exhibits...............................................157

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| V. | : | CRIMINAL NUMBER 14-382-1 |
| | : | |
| WILLIAM S. DAHL | : | |

### NOTICE OF APPEAL

Notice is hereby given that the above-named Defendant hereby appeals to the United States Court of Appeals for the Third Circuit from the judgment of conviction and sentence imposed on November 30, 2016.

Respectfully submitted,

/s/ Nancy MacEoin
NANCY MacEOIN
Assistant Federal Defender

1

**CERTIFICATE OF SERVICE**

      I, Nancy MacEoin, Assistant Federal Defender, Federal Community Defender Office for the Eastern District of Pennsylvania, hereby certify that I served electronically filed and served a copy of the Defendant's Notice of Appeal, upon Michelle T. Rotella, Assistant United States Attorney, by delivery to her office located at 615 Chestnut Street, Suite 1250, Philadelphia, Pennsylvania 19106.

      /s/ Nancy MacEoin
      NANCY MacEOIN
      Assistant Federal Defender

DATE:    December 1, 2016

2

# UNITED STATES DISTRICT COURT
Eastern District of Pennsylvania

| UNITED STATES OF AMERICA | AMENDED JUDGMENT IN A CRIMINAL CASE |
|---|---|
| v. | |
| WILLIAM DAHL | Case Number: DPAE2:14CR382 |
| | USM Number: 71523-066 |
| | Nancy MacEoin |
| **Date of Original Judgment:** 5/19/2015 | Defendant's Attorney |
| (Or Date of Last Amended Judgment) | |

**Reason for Amendment:**
- X Correction of Sentence on Remand (18 U.S.C. 3742(f)(1) and (2))
- ☐ Reduction of Sentence for Changed Circumstances (Fed. R. Crim. P. 35(b))
- ☐ Correction of Sentence by Sentencing Court (Fed. R. Crim. P. 35(a))
- ☐ Correction of Sentence for Clerical Mistake (Fed. R. Crim. P. 36)

- ☐ Modification of Supervision Conditions (18 U.S.C. §§ 3563(c) or 3583(e))
- ☐ Modification of Imposed Term of Imprisonment for Extraordinary and Compelling Reasons (18 U.S.C. § 3582(c)(1))
- ☐ Modification of Imposed Term of Imprisonment for Retroactive Amendment(s) to the Sentencing Guidelines (18 U.S.C. § 3582(c)(2))
- ☐ Direct Motion to District Court Pursuant ☐ 28 U.S.C. § 2255 or ☐ 18 U.S.C. § 3559(c)(7)
- ☐ Modification of Restitution Order (18 U.S.C. § 3664)

FILED
DEC - 1 2016
LUCY V. CHIN, Interim Clerk
By _____ Dep. Clerk

**THE DEFENDANT:**
- X pleaded guilty to count(s) 1, 2, 3, 4, and 5 of the superseding indictment.
- ☐ pleaded nolo contendere to count(s) _____ which was accepted by the court.
- ☐ was found guilty on count(s) _____ after a plea of not guilty.

The defendant is adjudicated guilty of these offenses:

| Title & Section | Nature of Offense | Offense Ended | Count |
|---|---|---|---|
| 18:2422(b) | Attempted use of an interstate commerce facility to entice a minor to engage in sexual conduct | 11/21/2013 | 1 |
| 18:2422(a) | Attempted enticement of a minor to travel in interstate commerce to engage in sexual activity | 11/21/2013 | 2 |
| 18:1470 | Attempted transfer of obscene material to minors | 10/24/2013 | 3 |

The defendant is sentenced as provided in pages 2 through 6 of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

- ☐ The defendant has been found not guilty on count(s) _____
- ☐ Count(s) _____ ☐ is ☐ are dismissed on the motion of the United States.

It is ordered that the defendant must notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States attorney of material changes in economic circumstances.

Copies to:
Defendant
N. MacEoin, Defense Atty
M. Rotella, AUSA
L. Maxwell, P.O. (2)
PTS
Fiscal
FLU
US Marshal (2)

11/30/2016
Date of Imposition of Judgment

_Harvey Bartle_ (signature)
Signature of Judge

Harvey Bartle III, USDJ
Name and Title of Judge

December 1, 2016
Date

3

DEFENDANT: WILLIAM DAHL
CASE NUMBER: DPAE2:14CR382

## ADDITIONAL COUNTS OF CONVICTION

| Title & Section | Nature of Offense | Offense Ended | Count |
|---|---|---|---|
| 18:2422(b) | Attempted use of an interstate commerce facility to entice a minor to engage in sexual conduct | 11/1/2013 | 4 |
| 18:2422(b) | Attempted use of an interstate commerce facility to entice a minor to engage in sexual conduct | 11/20/2013 | 5 |

4

AO 245C (Rev. 11/15) Amended Judgment in a Criminal Case
Sheet 2 — Imprisonment
(NOTE: Identify Changes with Asterisks (*))

Judgment — Page 3 of 6

DEFENDANT: WILLIAM DAHL
CASE NUMBER: DPAE2:14CR382

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of :

293 months consisting of: 293 months on counts 1, 4 and 5; 240 months on count 2, and; 120 months on count 3. All sentences shall run concurrently. The sentence in this case shall run consecutive to the term of imprisonment that the defendant is serving in Delaware.

\* X    The court makes the following recommendations to the Bureau of Prisons:
That the defendant receive appropriate mental health treatment and sexual offender treatment.
That the defendant be designated to FCI Butner.

X    The defendant is remanded to the custody of the United States Marshal.

☐    The defendant shall surrender to the United States Marshal for this district:

     ☐ at _____ ☐ a.m. ☐ p.m. on _____ .

     ☐ as notified by the United States Marshal.

☐    The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:

     ☐ before 2 p.m. on _____ .

     ☐ as notified by the United States Marshal.

     ☐ as notified by the Probation or Pretrial Services Office.

## RETURN

I have executed this judgment as follows:

_____

_____

_____

Defendant delivered on _____ to _____

at _____ with a certified copy of this judgment.

_____
UNITED STATES MARSHAL

By _____
DEPUTY UNITED STATES MARSHAL

5

AO 245C (Rev. 11/15) Amended Judgment in a Criminal Case
Sheet 3 — Supervised Release (NOTE: Identify Changes with Asterisks (*))

Case Case4:234-cr-Document00-31-0258741713 Filed: 82/01Date Filed: 04/07/2017

Judgment—Page 4 of 6

DEFENDANT: WILLIAM DAHL
CASE NUMBER: DPAE2:14CR382

# SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of :
20 years on counts 1, 2, 3, 4, and 5. All terms of supervised release shall run concurrently.

    The defendant must report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

The defendant shall not commit another federal, state, or local crime.

The defendant shall not unlawfully possess a controlled substance. The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court.

- ☐ The above drug testing condition is suspended, based on the court's determination that the defendant poses a low risk of future substance abuse. (Check, if applicable.)
- X The defendant shall not possess a firearm, ammunition, destructive device, or any other dangerous weapon. (Check, if applicable.)
- X The defendant shall cooperate in the collection of DNA as directed by the probation officer. (Check, if applicable.)
- X The defendant shall register with the state sex offender registration agency in the state where the defendant resides, works, or is a student, as directed by the probation officer. (Check, if applicable.)
- ☐ The defendant shall participate in an approved program for domestic violence. (Check, if applicable.)

    If this judgment imposes a fine or restitution, it is a condition of supervised release that the defendant pay in accordance with the Schedule of Payments sheet of this judgment.

    The defendant must comply with the standard conditions that have been adopted by this court as well as with any additional conditions on the attached page.

# STANDARD CONDITIONS OF SUPERVISION

1) the defendant shall not leave the judicial district without the permission of the court or probation officer;
2) the defendant shall report to the probation officer in a manner and frequency directed by the court or probation officer;
3) the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;
4) the defendant shall support his or her dependents and meet other family responsibilities;
5) the defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training, or other acceptable reasons;
6) the defendant shall notify the probation officer at least ten days prior to any change in residence or employment;
7) the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;
8) the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;
9) the defendant shall not associate with any persons engaged in criminal activity and shall not associate with any person convicted of a felony, unless granted permission to do so by the probation officer;
10) the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;
11) the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;
12) the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court; and
13) as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record, personal history, or characteristics and shall permit the probation officer to make such notifications and confirm the defendant's compliance with such notification requirement.

6

AO 245C (Rev. 11/15) Amended Judgment in a Criminal Case
         Sheet 5 — Criminal Monetary Penalties
         (NOTE: Identify Changes with Asterisks (*))

Case 2234-cr-00382-MB Document 713 Filed: 02/01/16 Date Filed: 04/07/2017

Judgment — Page  5  of  6

DEFENDANT: WILLIAM DAHL
CASE NUMBER: DPAE2:14CR382

# CRIMINAL MONETARY PENALTIES

The defendant must pay the following total criminal monetary penalties under the schedule of payments on Sheet 6.

|        | **Assessment** | **Fine** | **Restitution** |
|--------|----------------|----------|-----------------|
| **TOTALS** | $ 500.00 | $ | $ |

☐ The determination of restitution is deferred until _____. An *Amended Judgment in a Criminal Case* (AO 245C) will be entered after such determination.

☐ The defendant shall make restitution (including community restitution) to the following payees in the amount listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. § 3664(i), all nonfederal victims must be paid before the United States is paid.

| **Name of Payee** | **Total Loss*** | **Restitution Ordered** | **Priority or Percentage** |
|---|---|---|---|
|   |   |   |   |
| **TOTALS** | $ | $ | |

☐ Restitution amount ordered pursuant to plea agreement  $ _____

☐ The defendant must pay interest on restitution and a fine of more than $2,500, unless the restitution or fine is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on Sheet 6 may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).

☐ The court determined that the defendant does not have the ability to pay interest, and it is ordered that:

    ☐ the interest requirement is waived for  ☐ fine  ☐ restitution.

    ☐ the interest requirement for the  ☐ fine  ☐ restitution is modified as follows:

* Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

7

DEFENDANT: WILLIAM DAHL
CASE NUMBER: DPAE2:14CR382

# SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties shall be due as follows:

A    X    Lump sum payment of $ __500.00__ due immediately, balance due

         ☐ not later than _____ , or
         ☐ in accordance with ☐ C, ☐ D, ☐ E, or ☐ F below; or

B    ☐    Payment to begin immediately (may be combined with ☐ C, ☐ D, or ☐ F below); or

C    ☐    Payment in equal _____ (e.g., weekly, monthly, quarterly) installments of $ _____ over a period of _____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after the date of this judgment; or

D    ☐    Payment in equal _____ (e.g., weekly, monthly, quarterly) installments of $ _____ over a period of _____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after release from imprisonment to a term of supervision; or

E    ☐    Payment during the term of supervised release will commence within _____ (e.g., 30 or 60 days) after release from imprisonment. The court will set the payment plan based on an assessment of the defendant's ability to pay at that time; or

F    ☐    Special instructions regarding the payment of criminal monetary penalties:

Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during the period of imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of the court.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

☐    Joint and Several

     Defendant and Co-Defendant Names and Case Numbers (including defendant number), Joint and Several Amount, and corresponding payee, if appropriate.

☐    The defendant shall pay the cost of prosecution.

☐    The defendant shall pay the following court cost(s):

☐    The defendant shall forfeit the defendant's interest in the following property to the United States:

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal, (5) fine interest, (6) community restitution, (7) penalties, and (8) costs, including cost of prosecution and court costs.

8